## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **HCB FINANCIAL CORP.** | § | |
| | § | |
| **V.** | § | **A-14-MC-1025-LY** |
| | § | |
| **NEIL EDWARD MCPHERSON** | § | |

## ORDER

Before the Court is HCB Financial Corp.'s Motion to Compel Neil Edward McPherson's Compliance with Subpoena *Duces Tecum* (Dkt. No. 1). McPherson has not filed a response.

The subject of the motion is a subpoena *duces tecum* served by HCB on McPherson here in Austin, Texas. The subpoena was issued out of the Southern District of Mississippi, and relates to a case pending in that court styled *HCB Financial Corp. v. Lee F. Kennedy*, Civil Action No. 1:10-cv-559-HSO-JMR. A judgment was entered by the court there against Lee F. Kennedy, in favor of HCB, and the subpoena requests McPherson, who is Kennedy's husband, to produce financial records as part of HCB's post-judgment discovery. HCB contends that McPherson has failed to respond to the subpoena, and seeks an order compelling his production of the records.

The Court's analysis in deciding disputes regarding out-of-district subpoenas is governed by Rule 45. *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *1 (D. Nev. Nov. 22, 2013). Generally speaking, Rule 45 requires that disputes related to non-party subpoenas be resolved locally, to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena. *See, e.g.,* FED. R. CIV. P. 45(d)(2)(B)(i) (directing that motions to compel be filed in "the district in which compliance is required"). Effective December 1, 2013, however, a significant change was made to Rule 45 through the addition of a new subsection, which states:

> (f) **Transferring a Subpoena-Related Motion**. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.  Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

FED. R. CIV. P. 45(f).  The Advisory Committee's comments to the amendment indicate that "[t]o protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of [Rule 45] . . . that motions be made in the court in which compliance is required under Rule 45." FED. R. CIV. P. 45, Advisory Committee Notes to 2013 Amendments, Subdivision (f).  The Notes state further, however, that "transfer to the court where the action is pending is sometimes warranted," either where the nonparty consents, or where there are exceptional circumstances.  *Id.* In making that decision, the Committee instructs that "the prime concern should be avoiding burdens on local nonparties."  *Id.*  The Committee counsels that transfer is appropriate  for "exceptional circumstances" when the interests in having the issuing court being the one to decide the discovery dispute "outweigh the interests of the party served with the subpoena in obtaining local resolution of the motion."  *Id.*

As noted, McPherson has not submitted a response to the motion filed here, despite being represented by counsel.  Instead, he filed a motion to quash the subpoena in the underlying Mississippi case.  *See* Civil Action No. 1:10-cv-559-HSO-JMR in the Southern District of Mississippi, Dkt. No. 181.  The motion is signed by Jeffrey Williams, of Hubbard Mitchell Williams & Strain PLLC of Ridgeland, Mississippi.  HCB has filed a response to that Motion.  *Id.* at Dkt. No. 186.  As of today, the motion remains pending before the Mississippi court.  In brief, rather than

respond to the motion to compel here in Austin, McPherson instead retained an attorney in Mississippi, and filed in Mississippi a motion to quash the subpoena. HCB has joined issue on that motion and responded. The issue is ripe for decision by the Mississippi court, the very same court presiding over the case from which the discovery dispute arises.

McPherson's action in choosing to challenge the subpoena in Mississippi constitutes "consent," as that term in used in Rule 45(f), to the transfer of the motion to compel pending here. Plainly there is no reason for the Court here to decide this issue to avoid any burden on McPherson, given that he has a Mississippi lawyer and has sought relief from the Mississippi court. And even if his actions are not considered to be tacit consent, these facts present sufficient "exceptional circumstances" to support the transfer of the motion under Rule 45(f). Plainly, the interests in having a single court decide all of these issues—the Court presiding over the case—outweighs McPherson's interests in having the issue decided here in Austin, since he appears to have no such interest. Accordingly, transfer of HCB Financial Corp.'s Motion to Compel Neil Edward McPherson's Compliance with Subpoena Duces Tecum (Dkt. No. 1) is proper.

IT IS THEREFORE ORDERED that HCB Financial Corp.'s Motion to Compel Neil Edward McPherson's Compliance with Subpoena Duces Tecum (Dkt. No. 1) is HEREBY TRANSFERRED to the United States District Court for the Southern District of Mississippi, Jackson Division.

SIGNED this 22nd day of January, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE